April 2, 2014

<u>Via ECF</u>

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Sunni, LLC, *et al* v. Edible Arrangements International, LLC
    14 CV 00461-KPF (S.D.N.Y.)

Dear Judge Failla:

  We represent petitioners in the above-referenced matter and write to seek reconsideration, pursuant to Local Rule 6.3, of the Court's opinion dated March 25, 2014 (the "Opinion"). Plaintiffs contend that the Court overlooked factual matters that would reasonably be expected to alter the conclusion reached by the Court. *See Bland v. Eva Airways Corp.,* 11 Civ. 5200, 2014 SL 1224466 (S.D.N.Y. Mar. 24, 2014). Specifically, petitioners contend that the Court improperly relied on unsubstantiated statements from respondent's counsel to support its finding that plaintiffs would not suffer irreparable harm if a preliminary injunction was not granted. In addition, respondent was permitted to alter the theory underlying its irreparable harm argument after the hearing record in this matter was closed. We submit that petitioners' rights were unfairly abridged by the Court's reliance on respondent's new theory, especially when the theory is not supported by any documentation and petitioners were not afforded the right at the hearing to challenge respondent's new theory.

**Respondent's Novel Theory**
  The parties have been before this Court since January 23, 2014, when the matter was removed from state court. Since that time, up to and including a full-day hearing the Court held on this case on March 3, 2014, respondent has argued that petitioners would not suffer irreparable harm if their access to respondent's online ordering system was terminated because petitioners could continue to operate the stores and rely on foot traffic customers. Not once did respondent put forth the argument that petitioners would not be irreparably harmed because Edible Arrangements intended to take over the stores, continue to maintain the leases and employ petitioners' workers while the arbitration ran its course. On the eve of the Court's Opinion, respondent's raised this argument for the

first time in a letter from respondent's counsel. Respondent did not present any sworn testimony or affidavits to support its new theory, and petitioners were not given the opportunity to refute the claim. To further compound the unfairness to petitioners, the Court relied in large part on this novel and otherwise inapplicable theory in the Opinion.

**Respondent Has No Credibility Presenting New Theory**

As the record in this matter reflects, petitioners on two separate occasions sought judicial intervention when respondent prematurely removed petitioners from respondent's internet access network. Respondent's action in each of these instances is in sharp contrast to the new representation made to the Court that respondent intended to assume management of the subject stores and such an action would prevent irreparable harm to petitioners.

**Respondent Relies on Inapplicable Provisions**

Respondent contends Section 15(C) of the franchise agreements gives them the authority to assume management of the subject stores. Section 15(C) provides, in relevant parts, that the franchisor may assume temporary control of a franchise in three conditions: (i) if franchisee abandons or fails to operate the business; (ii) if franchisee fails to comply with the agreement, and fails to cure the noncompliance, but only as long as it takes respondent to cure the failure franchisee failed to cure or, (iii) if the agreement is expired or is terminated and respondent is deciding whether to exercise its option to purchase the business.

Clearly, none of the circumstances provided for in section 15(C) of the agreements is the case here and the provisions are otherwise inapplicable. Petitioners have not abandoned the stores. Subdivision two only applies in situations where there is a temporary breach of the agreement and the franchisee is expected to cure the violation in the near future. Here, it is undisputed that Mr. Hinnawi's alleged violation cannot be cured. The third subdivision also does not apply because respondent has never contended that it was contemplating purchasing the stores.

Not only is Section 15(C) inapplicable, but respondent has offered no explanation, and the Court has most respectfully overlooked, the fact that petitioners possess property interests in the stores that cannot merely by usurped by respondent. For example, all of the refrigeration and other equipment in the store belong to Mr. Hinnawi. The leases are also in the name of Mr. Hinnawi or the entities that own the stores. While the franchise agreement may impose restrictions on petitioners' ownership and ability to operate the stores, it does not allow respondent to merely seize property from petitioners without just compensation. Petitioners contend that had respondent advanced its new theory during the hearing or in any of its prior submissions to the Court, petitioners would have presented evidence and arguments to undermine the claim.

In sum, petitioners respectfully request that the Court reconsider its recent Opinion on the ground that the Court overlooked key facts and improperly concluded that petitioners would not be irreparably harmed because respondent intended to take over and run the stores until the conclusion of the arbitration. The Court's decision is based on a

clear error in interpreting the franchise agreement and will result in a manifest injustice since respondent was allowed to alter the theory of its case after the conclusion of the hearing and petitioners were denied the opportunity to challenge and oppose the new theory.  Accordingly, petitioners request that the Court vacate its Opinion and reconsider this matter based solely on the hearing evidence. In the alternative, petitioners request that the hearing be reopened to allow petitioners to present evidence to refute respondent's new theory.

                                       Respectfully submitted,


                                       By: /s/ Shamsey Oloko
                                              Shamsey Oloko


cc:    Roland Acevedo, Esq.
        Christopher Scanlon, Esq. (via email)

Case 1:14-cv-00461-KPF    Document 32    Filed 04/03/14    Page 3 of 3