# Clausen Miller PC

*Attorneys at Law*

CLAUSEN MILLER P.C.
CHICAGO, IL
IRVINE, CA
NEW YORK, NY
PARSIPPANY, NJ
WHEATON, IL

CLAUSEN MILLER L.L.P.
LONDON, ENGLAND

CLAUSEN MILLER EUROPE
Clausen Miller P.C.
Clausen Miller L.L.P., LONDON
Tetaud-Lambard-Jami & Associés, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS

One Chase Manhattan Plaza, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

Christopher T. Scanlon
Direct Line:  212 805-3979
E-Mail:      cscanlon@clausen.com

April 3, 2014

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

               Re:    *Sunni LLC, Sunni III Inc., and Sammy Hinnawi*
                      Our File No.:      24-7053-00-2

Dear Judge Failla:

      This firm represents the defendant-respondent, Edible Arrangements International, LLC (EAI). We write in response to plaintiff-petitioners' letter motion for reconsideration filed today. This court has already determined after a full evidentiary hearing that plaintiff-petitioners have failed to demonstrate that the franchised businesses at issue would suffer irreparable harm even were EAI to take the more drastic step of terminating plaintiff-petitioners' access to EAI's internet ordering or central telephone ordering systems. Notwithstanding, plaintiff-petitioners now argue that EAI's agreement to take the less drastic step of assuming management of the franchises pursuant to EAI's contractual right to do so provided for in each of the franchise agreements constitutes a predicate for plaintiff-petitioners to secure reconsideration of this court's decision determining the absence of irreparable harm. It is defendant-respondent's position that there is currently no legal prohibition preventing EAI from terminating the plaintiff-petitioners from EAI's ordering systems and if plaintiff-petitioners prefer that option over EAI assuming management of the three franchises, their wish can be accommodated.

      EAI, however, has offered and intends to assume management of the franchises as provided for by §15(C)(iii) of the franchise agreements. That provision allows EAI to assume management in the circumstances present here. Of the three franchises in question, one already expired by its terms and the other two were terminated by EAI as previously demonstrated to this court. Plaintiff-petitioners obtained temporary injunctive relief preventing EAI from exercising its contractual rights but did not in any way reverse or undo the expiration and termination of the franchises. Further, the option to purchase the franchises is exactly what EAI is considering at this time, along with all of its other options and there was no requirement that EAI make a showing of its considerations.

      EAI's decision to assume management was made as an accommodation to the plaintiff-petitioners rather than outright termination from the ordering systems. Exercise of this option by

360232

Honorable Katherine Polk Failla
April 3, 2014
Page 2

EAI puts EAI in the position of operating the businesses in the same manner as the former franchisee, at the end of which assumption of management, the former franchisee will be in the same position, if not better, than before EAI's assumption of management. Exercising this option is anything but a seizure of plaintiff-petitioners' property without compensation but rather just the opposite. Plaintiff-petitioners would receive the profits from EAI's operation of the businesses less the ordinary costs involved in running the business or having someone else do so.

     Lastly, plaintiff-petitioners' contention that EAI has twice terminated their access to EAI's ordering systems is inaccurate. As previously demonstrated to this court, access was not terminated prior to plaintiff-petitioners obtaining temporary injunctive relief. Access was, however, terminated for a period of approximately one to two days due to an administrative oversight after EAI agreed to maintain the status quo following expiration of the temporary injunctive relief awarded by the state court. As soon as this oversight was brought to the attention of EAI management, system access was restored as agreed. Since that time, plaintiff-petitioners have had full access to all EAI systems notwithstanding EAI's position that plaintiff-petitioners have no right to conduct any business by or through the resources, goodwill, marks, etc. of EAI except at the forbearance of EAI.

     Accordingly, defendant-respondents respectfully request that this court decline reconsideration of its opinion and order dated March 25, 2014 which denied plaintiff-petitioners' application for a preliminary injunction and remand of this matter to state court

     Should the court require additional information, please do not hesitate to contact me.

          Respectfully submitted,

          CLAUSEN MILLER P.C.

By:   /s/ Christopher T. Scanlon

          Christopher T. Scanlon

CTS:mc

cc:   Via e-mail:
      Shamsey Oloko, Esq.
      Roland Acevedo, Esq.

360232